UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>      Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>PIERRE L. ELLIOTT, JR.,  )<br>  )<br>      Defendant.  ) | 1:08-cr-00021-01 SEB-KPF |

**ORDER DENYING REVERSAL OF PRETRIAL DETENTION ORDER**

At the request of the Defendant, Pierre L. Elliott, Jr., the Court has conducted a *de novo* review of the order of detention issued by the Magistrate Judge on January 23, 2008, pursuant to the motion filed on February 6, 2008, under Title 18, U.S.C. § 3145(b). The Government has responded in opposition to Defendant's motion, and Defendant filed a reply on February 21, 2008. For the reasons stated below, Defendant's motion (Docket No. 32) is **DENIED**.

Elliott has been charged in this cause by Indictment with having committed the offense of possession with the intent to distribute in excess of five kilograms of cocaine, the statutory penalty for a conviction of which, pursuant to 21 U.S.C. §§ 841(a)(1) and 846, is a term of imprisonment of no less than ten years or more than life. (See § 3142(f)(1))

That offense triggers a legal presumption pursuant to 18 U.S.C. § 3142(e) which dictates that no condition or combination of conditions will reasonably assure . . . the safety of the community. (The Magistrate Judge determined that the presumption of a flight risk which is included as a part of § 3142(e) has been overcome by Elliott's evidence, which determination is not before us here.)

1

In the face of that presumption, a defendant has the opportunity to rebut it by producing contrary evidence, which would show that there are conditions of release that would reasonably assure that the defendant will not engage in dangerous criminal activity or threaten the safety of the community pending trial. Such evidence does not have the effect of automatically defeating the presumption, thereby making it disappear; rather, courts must weigh the evidence along with the presumption against release. As the Magistrate Judge correctly held, "With respect to reasonably assuring the safety of any other person and the community, the United States bears the burden of proving its allegations by clear and convincing evidence." (Citations omitted.) (Findings/Conclusions No. 11.)

In the case at bar, during the detention hearing before the Magistrate Judge, Elliott sought to overcome the force of the presumption in favor of detention through an evidentiary proffer that, as characterized by the Magistrate Judge in his findings, recounted Elliott's community and related ties as they pertained solely the risk of flight. Elliot maintains in this appeal that the Magistrate Judge's ruling failed to apply that evidence to the risk of danger to the community factor by an erroneous interpretation and application of the holding in U.S. v. Delker, 757 F.2d 1390, 1396 (3rd Cir. 1985), for the proposition that evidence of "(t)he presence of community ties and related ties (has) been found to have no correlation with the issue of safety of the community."

Elliott argues that Magistrate Judge's reliance on of the holding in Delker is misplaced, because that decision, rather than concluding that evidence of family and community ties is unrelated to the danger-to-the-community determination, in fact permits such evidence to be considered for both purposes and requires balancing of the defendant's proffered evidence of family and community ties against the rebuttable presumption. The Magistrate Judge should have made a

2

specific assessment of the risk posed by Elliott under § 3142(g)(4) on the basis of the flight risk evidence, rather that rule it inapplicable in addressing the "dangerousness" factor, says Elliott. Thus, the Magistrate Judge's decision must be reversed and this Judge should undertake a consideration of the 3142(g)(4) factor as well as whether an condition or combination of conditions would negate the risk of threat to the safety of the community. (Defendant's Reply Brief, page 3)

Without needlessly engaging in a prolonged discussion of the effect of the holding in Delker, we shall assume for purposes of this review that the Magistrate Judge should have taken notice of and applied the family and community ties evidence cited in defense counsel's proffer to the issue of the nature and seriousness of the danger to the community that would be posed by Elliott's release and whether any condition or conditions could negate that danger. We find such a danger to the community would be posed by Elliott's release on pretrial conditions, none of which along or in combination could assure the safety of others in the community. Accordingly, we find no basis on which to reverse the Magistrate Judge's conclusions and order of detention.

The effect of the presumption against release for a person charged with a narcotics offense which carries a mandatory minimum sentence of ten years imprisonment and a maximum of life is quite limiting and very strong, in light of the statutory directives. The charge against Elliott in this Indictment is the possession with the intent to distribute five kilograms or more of cocaine. At the time Elliott was arrested, he was a passenger in a car apparently owned and registered to him under Kentucky law, in which six kilograms of cocaine were found along with $68,000.00 in the back seat area. Prior to this arrest, Elliott had been convicted in 1998 of a misdemeanor offense for possession of drug paraphernalia, but, in conjunction with that arrest, $101,000.00 was seized from his residence. Based on the Pretrial Services Reports, the Magistrate Judge also determined that Elliott

3

has two prior felony convictions in 1996 for possession of cocaine.

Elliott's proffer at the bond hearing included evidence that he is 35 years of age, married with two children, with all of whom he resides in Kentucky. He was formerly employed by Ford Motor Company in Louisville, Kentucky, until he left Ford due to cutbacks at the plant, and thereafter, along with his wife, he formed a real estate agency. He is paid hourly wages and is self-employed. (It was on the basis of this evidence that the Magistrate Judge ruled that the presumption in favor of detention based on a likelihood of flight had been overcome.)

Based on all the evidence before the Court, we hold that the evidence along with the legal presumption against release on the grounds of serious risk posed by the Elliott to the community has not been overcome by Elliott's proffer and that no condition or combination of conditions could adequately safeguard the public. More specifically, the risk Elliott poses to the community is that he will continue to be involved in drug dealing, if he is released.

We doubt, for example, that his release to the supervision of his wife, Marita, would impose any realistic constraints on Elliott's established attraction to and involvement in cocaine and cocaine dealing. Without intending an disparagement of her, the Court sees no evidence that she has ever served as a constraining influence on Elliott in any other context or that she could successfully deter him from further involvement in drug dealing. Similarly, the evidence suggests that Elliott has in the past operated as part of a drug dealing network, based primarily on the quantities of drugs and cash involved and his having been arrested with his co-defendant in this case, all of which indicates that he and his confederates could and would likely realign during the time leading up to the trial to undertake further in drug transactions, to destroy evidence and/or to intimidate witnesses. Travel restrictions or a curfew would be meaningless in the face of a telecommunications network with

associates that allows drug trafficking to continue from remote locations. Lastly, the Court has grave doubts about the efficaciousness of requiring the posting of a financial bond in terms of the ability of such a commitment to protect the public, primarily because Elliott has shown that he has had considerable experience in getting and dealing in large quantities of cash in conjunction with drug activities and, if released, we believe he would be strongly incented to return to drug dealing to get more cash, either in order to offset the cost of posting a bond or to provide financing for his defense at trial, or perhaps to provide for his family in the future, should he develop concerns of being convicted of the instant offense. Elliott's established patterns as a drug dealer are too entrenched to convince the Court that, if released, he would not return to such criminal activity.

In conclusion, the Court adopts the Magistrate Judge's findings and conclusions and independently finds upon *de novo* review that the government has proven by clear and convincing evidence that Elliott poses a serious risk of danger to the community if he were released pending trial and that no condition or combination of conditions will reasonably provide for the safely of the community should he be released. The presumption in favor of detention has not be overcome.

Accordingly, Elliott's pretrial detention shall continue pending trial, in accordance with the Magistrate Judge's initial order which is hereby affirmed, and the motion to review and set aside the detention order is DENIED.

IT IS SO ORDERED.

Date: 03/04/2008

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Josh J. Minkler
UNITED STATES ATTORNEY'S OFFICE
10 West Market Street
Suite 2100
Indianapolis, IN 46204

Patrick J. Renn
600 West Main Street
Suite 100
Louisville, KY 40202